COBB, Judge,
dissenting.
I disagree with the majority’s holding, because I believe that the indictment charging McSwain was improperly amended, over his objection, to charge the greater offenses of unlawful distribution within three miles of a school and unlawful distribution within three miles of a public housing project. Rule 13.5(a), Ala.R.Crim.P., precludes amendment of an indictment over a defendant’s objection when the amendment charges a different offense. Judge Shaw stated in his special writing in Poole v. State, [Ms. CR-99-1200, Aug. 31, 2001] — So.2d - (Ala.Crim.App.2001), that he interpreted the United States Supreme Court case of Apprendi v. New Jersey, 580 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to require the enhancements in §§ 13A-12-250 and -270, Ala.Code 1975, to be alleged in the indictment and proven to the jury beyond a reasonable doubt. Judge Shaw stated, and I agree, that such enhancements constitute elements of a greater offense. Because the amendment to the indictment in this case charged McSwain with greater offenses — unlawful distribution within three miles of a school and unlawful distribution within three miles of a housing project — and because it subjected him to a sentence harsher than the maximum prescribed for the underlying crime, the trial court erred in allowing the amendment over McSwain’s objection. In my opinion, that was a jurisdictional error that requires this Court’s intervention.
Therefore, I believe that this cause should be remanded for the circuit court to set aside the conviction and sentence for the greater offenses of unlawful distribution within three miles of a school and unlawful distribution within three miles of a housing project, which were charged in the improperly amended indictment. The circuit court should enter a judgment for the properly charged and lesser included offense of unlawful distribution, and it should sentence McSwain accordingly, without consideration of the enhancements.